IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**OAK CREEK INVESTMENT PROPERTIES**           **PLAINTIFF**

**V.**         **CASE NO. 4:18-CV-4009**

**AMERICAN ELECTRICAL POWER SERVICES**
**CORPORATION; KMT GROUP; and**
**CLEAResult CONSULTING**           **DEFENDANTS**

## OPINION AND ORDER

Defendant KMT Group ("KMT") has informed Plaintiff Oak Creek Investment Properties ("Oak Creek") that it intends to file counter-claims, cross-claims, and third-party claims that are predicated, at least in part, on the allegation that Jimmy Hickey, who is one of the owners of Oak Creek, exploited his position as an Arkansas State Senator to derive improper benefits for himself and Oak Creek. Oak Creek insists this allegation is false, and Mr. Hickey has asked the Arkansas State Police Department to fully investigate the matter so his name can be cleared. Oak Creek has filed a Motion to Stay Proceedings and Suspension of Deadlines (Doc. 32), asking this Court "to stay this litigation, all proceedings in this lawsuit, and all discovery and pleadings deadlines, pending the completion of the Arkansas State Police's investigation into KMT's unsubstantiated allegation that Mr. Hickey has committed a violation of the code of ethics placed on him as an Arkansas Senator," *id.* at ¶ 1.8. Separate Defendant American Electric Power has filed a Response to this Motion, stating that it "takes no position" on whether the requested stay should be granted. *See* Doc. 33, ¶ 1. No other responses have been filed.

1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993). But "to warrant a stay," the party seeking it "must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *See id.* (internal citation omitted). Oak Creek makes no argument that either of these criteria is met. Instead, it speculates that:

> any resolution of this action, including settlement or a judgment in Oak Creek's favor, without the completion of the investigation into KMT's allegations of criminal conduct against Mr. Hickey, and clearing Mr. Hickey completely from all false and scurrilous allegations by KMT, would tend to lead the public to believe that Mr. Hickey abused his position as an Arkansas Senator to achieve such a resolution.

(Doc. 32, ¶ 1.11).

There is no indication here that the instant proceeding would somehow frustrate any criminal investigation or proceeding, or vice versa. Indeed, there is no indication here that any criminal investigation or proceeding is even occurring at all, beyond Mr. Hickey's bare request to the Arkansas State Police that it open an investigation. For that matter, KMT has not yet even filed the threatened pleadings in this case. Essentially, Oak Creek simply asks this Court to put this entire case on hold until a person who is not presently a party to this case is satisfied that he has, by other means of his own choosing, cleared his name against allegations that have not yet been filed against him in this case. But if the risk that civil proceedings might harm someone's reputation were sufficient grounds

2

to warrant a stay, then it would be difficult to conceive of a civil case where a stay would *not* be warranted. **IT IS THEREFORE ORDERED** that Oak Creek's Motion to Stay Proceedings and Suspension of Deadlines (Doc. 32) is **DENIED**.

**IT IS SO ORDERED** on this 14th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE