IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OAK CREEK INVESTMENT PROPERTIES                                    PLAINTIFF

V.                          CASE NO. 4:18-CV-4009

AMERICAN ELECTRICAL POWER SERVICES
CORPORATION; KMT GROUP; and
CLEAResult CONSULTING                                              DEFENDANTS

## OPINION AND ORDER

The original Case Management Order ("CMO") in this case imposed a deadline of January 16, 2019, for the parties to seek "[l]eave to amend pleadings and/or to add or substitute parties." *See* Doc. 24, § 6. On January 9, Defendant KMT Group ("KMT") filed a motion, agreed to by all parties, asking this Court "to amend the CMO by changing the date by which the parties must amend pleadings and/or to add or substitute parties from January 16, 2019 to March 15, 2019." *See* Doc. 30, p. 2. The Court granted that motion two days later in a docket text order, stating: "Leave to amend pleadings and/or to add or substitute parties shall be sought no later than March 15, 2019." *See* Doc. 31.

On March 15, KMT filed its First Amended Answer, Cross-Claims, Counter-Claims, and Third-Party Claims (Doc. 35). That same day, Plaintiff Oak Creek Investment Properties, Inc. ("Oak Creek") filed its First Amended Complaint (Doc. 36). Neither of these parties sought leave to file those pleadings before placing them on the docket.

Six days later, Defendant American Electrical Power Services Corporation ("AEP") and Defendant CLEAResult Consulting ("CLEAResult") each filed a Motion to Strike Oak Creek's First Amended Complaint on the grounds that Oak Creek did not comply with

1

Fed. R. Civ. P. 15(a)(2)'s requirement that it obtain the opposing parties' written consent or the Court's leave to do so. See Docs. 37, 39. Oak Creek responded to both Motions the next day, arguing that it had been under the impression that the parties all consented in advance to amendment of pleadings through their agreed motion on January 9 to extend the pleading amendment deadline. See Docs. 41, 42. Oak Creek embedded within those responses a Motion for Leave to amend its original Complaint. See id. After being instructed by the Clerk of the Court to file its responses and Motion in separate documents, Oak Creek did so on March 26. See Docs. 47, 48, 49. Today, AEP filed a response in opposition to Oak Creek's Motion for Leave, on the grounds that it was filed after the March 15 deadline to seek such leave. See Doc. 50. No other parties have yet responded to Oak Creek's Motion for Leave.

Meanwhile, on March 26, CLEAResult also filed a Motion to Strike KMT's First Amended Answer, Cross-Claims, Counter-Claims, and Third-Party Claims, on essentially the same grounds as supported the two previous Motions to Strike Oak Creek's First Amended Complaint. See Doc. 45. KMT has not yet responded to that Motion. Under Fed. R. Civ. P. 15(a)(3), required responses to Oak Creek's and KMT's March 15 amended pleadings would be due by tomorrow, March 29.

The docket has spiraled quite out of control on this set of issues, and it appears likely to become an even less manageable situation in the near future absent Court intervention. Although some of the aforementioned motions are not yet ripe, the Court is going to go ahead and issue some preliminary rulings on the matter, in the hopes of restoring order and clarity to this situation.

First, some observations about the legal standard are appropriate. Fed. R. Civ. P. 15(a)(2) instructs the Court to "freely give leave [to amend pleadings] when justice so requires." This means that "absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment—leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 565–66 (8th Cir. 1992) (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). However, "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "'The existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." *Id.* (internal alterations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

With respect to Oak Creek, it is plain from the briefing and attachments that Oak Creek believed it had obtained all parties' consent to amend its pleadings, but that in fact at least some other parties had not so consented. If Oak Creek's belief had been correct, then its March 15 filing of its First Amended Complaint would have been timely and compliant with this Court's scheduling orders. Upon learning that it might not have actually obtained all parties' consent, Oak Creek moved the very next day for leave to

amend. The Court finds good cause to excuse the untimeliness of Oak Creek's Motion for Leave to Amend. To the extent there are other good reasons to deny Oak Creek leave to amend, then objecting parties should formally assert those reasons through timely filed motions. In the meantime, Oak Creek's Amended Complaint (Doc. 36) is not operative and needs no present response.

As for KMT's amended pleading, the Court notes that just moments ago a belated Motion for Leave (Doc. 52) was filed, which the Court has not yet had time to digest. Assuming good cause can be found, the Court would rule in a manner consistent with the rulings above regarding Oak Creek's amended pleading. The bottom line here (in this instance) is that the Court is not going to strike claims or deny leave to amend if the sole reason for doing so is that such party attempted in good faith but failed, in a hyper-technical sense, to comply with the scheduling order. While its Motion for Leave ripens, KMT's First Amended Answer, Cross-Claims, Counter-Claims, and Third-Party Claims (Doc. 35) is not operative and needs no present response.

**IT IS SO ORDERED** on this 28th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE