IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**OAK CREEK INVESTMENT PROPERTIES, INC.**                            **PLAINTIFF**

V.                        **CASE NO. 4:18-CV-4009**

**AMERICAN ELECTRICAL POWER SERVICE
CORPORATION; KMT GROUP, INC.; and
CLEAResult CONSULTING, INC.**                                           **DEFENDANTS**

**AND**

**KMT GROUP, INC.**                                             **THIRD-PARTY PLAINTIFF**

V.

**JIMMY HICKEY and RICHARD SMITH**                 **THIRD-PARTY DEFENDANTS**

## OPINION AND ORDER

Now before the Court are Separate Defendant American Electric Power Service Corporation's ("AEP-SWEPCO") Motion to Supplement Its Response and Answer to KMT's First Amended Answer, Cross-Claims, Counter-Claims, and Third Party Claims (Doc. 208) and Separate Defendant KMT Group, Inc.'s ("KMT") Response in Opposition to the Motion (Doc. 216). AEP-SWEPCO requests leave to amend its Answer (Doc. 38) in order to assert the affirmative defense of qualified privilege in response to KMT's crossclaim for defamation. AEP-SWEPCO maintains that it did not raise this defense earlier because it did not know which, if any, statements KMT intended to rely upon in proving the defamation claim. The qualified-privilege defense may be appropriate when a principal and agent make defamatory statements about a third party, provided that the communication concerns "the subject-matter of the business of the agency or employment" and contains information or gives direction relative to the principal/agent or

1

employment relationship. *Bohlinger v. Germania Life Ins. Co.*, 140 S.W. 257, 259 (Ark. 1911).

On December 13, 2019, AEP-SWEPCO moved for summary judgment on KMT's defamation claim. *See* Doc. 138. The only argument AEP-SWECO made in the motion was that KMT failed to identify any statements made by AEP-SWEPCO's managers or employees that could be construed as defamatory. *See* Doc. 139, p. 4. KMT responded on January 10, 2020, (Doc. 184), identifying three emails that involved communications between AEP-SWEPCO and its designated agent, Separate Defendant CLEAResult Consulting, Inc. ("CLEAResult"), which disclosed negative information or opinions about KMT. Importantly, KMT's response anticipated the affirmative defense of qualified privilege and explained why it should not apply to these emails. *See* Doc. 185, pp. 11–12. On January 17, 2020, AEP-SWEPCO filed a reply to KMT's response and for the first time asserted the qualified-privilege defense. *See* Doc. 207. A week later, AEP-SWEPCO filed the instant Motion to Supplement its Answer (Doc 208) and acknowledged that it did not assert the qualified-privilege defense in its earlier pleading.

KMT opposes allowing AEP-SWEPCO to amend its answer and add this affirmative defense at this late date, even though KMT clearly anticipated the defense and fully briefed it in response to AEP-SWEPCO's motion for summary judgment. *See* Doc. 216. Moreover, KMT does not dispute that AEP-SWEPCO and CLEAResult are principal and agent, respectively, and that the defense AEP-SWEPCO desires to assert now is premised entirely on the fact that the two parties are involved in an agency relationship. Nonetheless, KMT argues that AEP-SWEPCO should have known much earlier in the lawsuit what statements KMT would claim as defamatory and asserted the

defense then, especially since AEP-SWEPCO "participated in detailed discovery for the past year concerning these and other claims," *id.* at p. 3. KMT does not, however, argue that it would suffer prejudice if the Court permitted the late amendment.

Under Federal Rule of Civil Procedure 8(c), any affirmative defense must be pleaded in the party's answer, and "[g]enerally, failure to plead an affirmative defense results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). However, a district court may, in its discretion, find that a party has not waived an affirmative defense simply by failing to plead it, provided that the defense was raised "in a manner that does not result in unfair surprise . . . ." *Id.* Here, the Court finds that the affirmative defense of qualified privilege was not raised in a manner that resulted in unfair surprise to KMT. Furthermore, KMT does not argue that it actually suffered unfair surprise.

Next, the Court must consider the timeliness of AEP-SWEPCO's Motion to Supplement. The Court's deadline for the parties to request leave to amend their pleadings expired nearly a year ago. *See* Doc. 31 (setting the March 15, 2019 deadline for seeking leave to amend). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court may deny leave to amend if there is evidence of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted). In the instant matter, KMT does not allege that any of the above factors are present to justify denial of the Motion to Supplement. *See* Doc. 216. Under Rule 16(b), a Court may order

3

an extension of the deadline to amend pleadings "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[The Eighth Circuit's] cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Ordinarily, the Court would not entertain a motion to amend filed nearly a year after the amendment deadline; however, considering the factual circumstances present here, the Court will permit the amendment—to the extent an amendment is even necessary, since the agency relationship was, at all times, known to and acknowledged by all parties as a central aspect of this litigation.

**IT IS THEREFORE ORDERED** that American Electric Power Service Corporation's Motion to Supplement Its Response and Answer to KMT's First Amended Answer, Cross-Claims, Counter-Claims, and Third Party Claims (Doc. 208) is **GRANTED**, and AEP-SWEPCO is **DIRECTED** to file by close of business tomorrow an amended answer that adds the affirmative defense of qualified privilege but otherwise makes no other amendments to the original answer.

**IT IS SO ORDERED** on this 11th day of February, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE