IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| OAK CREEK INVESTMENT PROPERTIES, INC. | PLAINTIFF |
| V. CASE NO. 4:18-CV-4009 | |
| AMERICAN ELECTRICAL POWER SERVICE CORPORATION; KMT GROUP, INC.; and CLEAResult CONSULTING, INC. | DEFENDANTS |
| AND | |
| KMT GROUP, INC. | THIRD-PARTY PLAINTIFF |
| V. | |
| JIMMY HICKEY and RICHARD SMITH | THIRD-PARTY DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Separate Defendant KMT Group, Inc.'s ("KMT") Motion for Summary Judgment (Doc. 149) as to Plaintiff Oak Creek Investment Properties, Inc.'s ("Oak Creek") affirmative claims. Oak Creek filed a Response in Opposition to the Motion (Doc. 193), and KMT filed a Reply (Doc. 213).

Separately, Defendant CLEAResult Consulting, Inc. ("CLEAResult") filed a Motion to Adopt KMT's Motion for Summary Judgment (Doc. 160), arguing that the basis for KMT's request for summary judgment applies equally to CLEAResult. KMT and CLEAResult each filed Responses in Opposition to the Motion (Docs. 190 & 197, respectively).

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts

1

in the light most favorable to the opposing party and give that party the benefit of any inferences that can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

The Court finds that KMT's Motion for Summary Judgment must be **DENIED**. The Motion is premised on the argument that AEP-SWEPCO's energy-efficiency program was authorized by the Arkansas Public Service Commission—an agency of the state—in accordance with the state's legislative goal of achieving energy-efficiency and cost-saving measures for the benefit of public utility customers throughout Arkansas. Accordingly, KMT believes that it should be considered immune from suit pursuant to the doctrine of acquired immunity, which "provides that a contractor who performs in accordance with the terms of its contract with a governmental agency and under the direct supervision of the governmental agency is not liable for damages resulting from that performance." *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 250 (2002).

KMT agrees that the acquired-immunity doctrine's purpose is to "protect the contractor who performs the work as specified from bearing the brunt of the liability based on the actions or decisions made solely by the governmental agency, which is immune from suit in tort." *Id.* at 251. The doctrine, therefore, provides that "a contractor for a public agency shares the sovereign immunity of the public body from liability for incidental damages necessarily involved in the performance of the contract." *Id.* at 250.

It is undisputed that KMT's contract was not with a government agency; it was with AEP-SWEPCO, a private corporation. Moreover, AEP-SWEPCO is not immune from suit due to sovereign immunity. Therefore, the fundamental purposes of the acquired-immunity doctrine are not realized here, as KMT cannot "acquire" sovereign immunity from AEP-SWEPCO. Finally, the Court rejects KMT's argument that acquired immunity might apply when a contract is made for the benefit of the state, even if the state is not a party to the contract. KMT fails to cite to any Arkansas authority in support of this proposition, and the Court has found none. The single case KMT does cite, *Guerin Contractors, Inc. v. Reaves*, involved a road construction contract between a contractor and the Arkansas State Highway Department, which is an agency of the state. 270 Ark. 710, 711–12 (1980). *Guerin* does not hold that acquired immunity is available to a contractor like KMT who contracted with a non-state actor.

Summary judgment is also **DENIED** as to CLEAResult, AEP-SWEPCO's designated agent, for the same reasons stated above.

**IT IS THEREFORE ORDERED** that KMT's Motion for Summary Judgment (Doc. 149) and CLEAResult's Motion to Adopt (Doc. 160) are both **DENIED**.

**IT IS SO ORDERED** on this 14th day of February, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE